**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TOMMY PEARSON, SR., | : | CIVIL ACTION NO. |
| GDC ID # 300038, Case # 381530, | : | 1:11-CV-02136-TWT-JCF |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY GAITHER, | : | PRISONER HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner at the time he filed his petition,[1] challenges four judgments of conviction in Douglas County, Georgia in 1996 and 1997. (Doc. 1 at 1-2). Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) ("hold[ing] that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that, "before acting on its own initiative, a court must accord the parties fair notice and an

---

[1] Petitioner has since been released from incarceration. *See* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp for GDC ID # 300038 (last visited Sept. 12, 2012).

opportunity to present their positions"). For the reasons set forth below, it is **RECOMMENDED** that Petitioner's habeas corpus petition be dismissed as second or successive with respect to his August 1997 judgment of conviction and as time-barred with respect to his three remaining judgments of conviction.

## I.   Procedural History

Previously, the Court ordered Petitioner to respond with information relevant to the considerations set forth below:

> Petitioner, a Georgia prisoner, seeks via a 28 U.S.C. § 2254 habeas corpus petition to challenge his convictions in the Superior Court of Douglas County for family violence, a probation violation, kidnapping with bodily injury, and aggravated assault. (Doc. 1 at 1). Petitioner provides the dates of those convictions as follows: August 12, 1996; January 8, 1997; March 28, 1997; and August 27, 1997. (Id. at 2). Petitioner previously challenged via a habeas corpus petition in this Court the same August 27, 1997 conviction he seeks to challenge now, and the Court dismissed that petition as time-barred. See Pearson v. Turpin, No. 2:04-CV-00134 (N.D. Ga. Feb. 23, 2005). Once a federal district court has denied with prejudice a habeas corpus petition challenging a state court conviction, the petitioner may not challenge that same conviction in a "second or successive" petition without first obtaining authorization from the appropriate United States Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A).
>
> Moreover, with respect to the remaining convictions Petitioner seeks to challenge herein, it appears that his habeas petition may be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A)-(D) (triggered by the latest of the following events: (A) the date his conviction became final; (B) the date a State impediment

2

to filing his federal habeas petition was removed; (C) the date a constitutional right on which he relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactive to cases on collateral review; or (D) the date he discovered, with diligence, the facts supporting one of his claims).

The computation of the federal one-year limitations period does not include the statutory tolling period, i.e., "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (internal quotations omitted), cert. denied, 534 U.S. 1144 (2002). Equitable tolling may also be available, but only in extraordinary circumstances. See Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding, with respect to 28 U.S.C. § 2255 motion, "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). Moreover, a petitioner's "actual innocence" may serve to lift the time bar that otherwise would prevent consideration of his federal habeas claims. See United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) (considering procedurally defaulted 28 U.S.C. § 2255 motion). To demonstrate his actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," and he must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 327, 329 (1995).

To avoid a dismissal of his challenge to his August 27, 1997 conviction as impermissibly second or successive, Petitioner must provide this Court with proof that the United States Court of Appeals for the Eleventh Circuit has authorized him to file a second or successive petition challenging that conviction. Moreover, to avoid a time-bar

3

dismissal of his petition with respect to his other convictions, Petitioner must demonstrate either that he properly relies on a start date for the federal limitations period for one or more of his 1996-97 convictions that occurred within one year of the date he executed and filed his federal habeas petition on June 23, 2011; or, if he cannot rely on such a start date, that statutory or equitable tolling applies to limit the running of the federal limitations period to one year for one or more of his convictions; or, if his federal habeas petition is still untimely, that he is actually innocent of one or more of his crimes of conviction.

(Doc. 2 at 1-4).

Petitioner has responded by seeking the dismissal of his challenge to his August 1997 judgment of conviction while he attempts to obtain from the Eleventh Circuit the necessary authorization to file a second or successive federal habeas petition with respect to that conviction. (Doc. 3 at 2). Regarding his other judgments of conviction, Petitioner states that his first challenge to those convictions in state court was on July 24, 2002, when he filed in the Douglas County trial court a motion to withdraw his guilty pleas. (*Id.*). He later filed other pleadings in state court challenging one or more of those judgments of conviction: (1) on January 19, 2004, a habeas corpus petition challenging his January 8, 1997 judgment of conviction; (2) in 2006, another habeas corpus petition, which the state habeas court denied on May 12, 2006, and the appeal from which the Georgia Supreme Court denied on April 25, 2007; (3) on April 10, 2009, a third habeas corpus petition, which Petitioner later withdrew; and (4) on

September 14, 2010, a motion to vacate void judgment, which the Douglas County trial court denied and from which denial Petitioner was not allowed to file an appeal. (*Id.* at 3-4).

## II. Discussion

If a federal habeas petitioner convicted in Georgia did not seek direct appellate review in the state courts within the thirty-day time limit set forth in O.C.G.A. § 5-6-38(a), his judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A) at the close of that thirty-day window. Therefore, Petitioner's judgments of conviction, entered in August 1996 and January and March 1997, became final at the latest in April 1997. *See Bridges v. Johnson*, 284 F. 3d 1201, 1202 (11th Cir. 2002) (after entry of his guilty plea, Georgia prisoner's "judgment of conviction became final on . . . the date on which his 30-day right to appeal [his] judgment expired").

Unless statutory or equitable tolling applies here, the one-year federal limitations period for Petitioner to challenge his judgments of conviction expired at the latest in April 1998—i.e., long before July 2002, when Petitioner filed a motion to withdraw his guilty pleas, his first state-court challenge to those convictions. (*See* Doc. 3 at 2). Because the limitations period had expired when Petitioner filed the motion to withdraw his guilty pleas and his subsequent state habeas petitions, none of those

5

applications for state post-conviction review tolled the limitations period. *See Tinker*, 255 F.3d at 1333. Thus, unless equitable tolling applies, Petitioner's federal habeas petition, executed and filed on June 23, 2011 (Doc. 1 at 3), is untimely with respect to his August 1996 and January and March 1997 convictions by at least thirteen years.

In Petitioner's application to the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his second state habeas petition, he indicated that he was challenging his 1996-97 guilty pleas in part on the basis of his mental health problems at the time he entered those pleas. (*See* Doc. 3 at 10-19). However, Petitioner has not presented, nor attempted to present, any evidence that those problems interfered with his ability to pursue post-conviction relief in state court or in this Court, such that he would be entitled to equitable tolling of the federal limitations period for more than ten years, as would be required to render his federal habeas petition timely. "The burden of establishing entitlement to th[e] extraordinary remedy [of equitable tolling] plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). The petitioner must demonstrate that he was diligent in pursuing his post-conviction remedies in the face of extraordinary circumstances. *Id.* "To establish diligence, . . . [he] must present evidence showing

6

reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). This Petitioner has not done. Moreover, a petitioner's contention that "he has suffered from mental impairments his entire life. . . ., without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005) (citing *Bilbrey v. Douglas*, 124 Fed. Appx. 971, 973 (6th Cir. 2005), for proposition that "equitable tolling did not apply because petitioner failed to establish a causal connection between her mental condition and her ability to file a timely petition" (internal quotations omitted)). Thus, Petitioner's suggestions of mental incompetency in 1996 and 1997 do not warrant equitable tolling here.

Nor has Petitioner presented evidence of his actual innocence that would enable him to avoid the federal time bar. *See Schlup*, 513 U.S. at 324 (stating that to prevail on claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence"). Therefore, Petitioner's federal habeas petition is due to be dismissed in its entirety.

### III.   Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial

7

of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). Here, it is apparent that Petitioner's federal habeas petition is second or successive in part and time-barred in part. Therefore, a certificate of appealability is not warranted.

## IV. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS**

8

Petitioner's petition for a writ of habeas corpus (Doc. 1) as second or successive with respect to his August 1997 judgment of conviction and as time-barred with respect to the remaining three judgments of conviction he seeks to challenge herein, and that it **DENY** him a certificate of appealability.

Petitioner's application for leave to proceed *in forma pauperis* (Doc. 3 at 5-6, 9) is **GRANTED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED, ORDERED and DIRECTED** this  20th  day of September , 2012.

_____
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)